UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATASHA FRENCH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BANANA REPUBLIC LLC, et al., <br><br> Defendants. | Case No. 24-cv-05216-VC <br><br> **ORDER DENYING BANANA REPUBLIC'S MOTION TO DISMISS** <br><br> Re: Dkt. No. 27 |

Banana Republic's motion to dismiss is denied. This ruling assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

1. *Rule 9(b):* The complaint satisfies Rule 9(b)'s particularity requirements. *See Garrison v. Whole Foods Market Group*, No. 13-CV-05222, 2014 WL 2451290, at *3 (N.D. Cal. June 2, 2014). It alleges that on August 28, 2022, French went to the Livermore Banana Republic Factory store and purchased a tan trench coat with a reference price of $180.00 advertised at a 50% discount. On May 25, 2024, Cho went to the Milpitas store and purchased three items for which he attached a receipt and listed the reference price and discount price of each item. Both plaintiffs allege that they shopped around the store and decided to buy the items because of the significant discount. The complaint then alleges that the reference prices were fraudulent because they were not true prices that were ever offered, but rather fake prices intended to mislead a consumer into thinking they were getting a large discount. The complaint also includes allegations that counsel's investigation into Banana Republic Factory stores around California revealed that many items were continuously discounted and never sold at their reference price. These allegations thus clearly list the who, what, when, where, and how of the alleged fraud. *See,*

e.g., *Pickles v. Kate Spade & Co.*, No. 15-CV-05329, 2016 WL 3999531, at *1 (N.D. Cal. July 26, 2016); *Knapp v. Art.com, Inc.*, No. 16-CV-00768, 2016 WL 3268995, at *4 (N.D. Cal. June 15, 2016).

Banana Republic argues that counsel's investigation was conclusory because it doesn't include what stores counsel tracked, which specific items were tracked, or how the prices were monitored. But the allegations about the investigation go beyond mere conclusory statements and detail a number of specific items that were tracked and their reference and discount prices. *See* Complaint, Ex. D, Dkt. No. 1. These allegations, combined with those specific to each plaintiff's experience, raise enough facts to state plausible UCL, FAL, and CLRA claims that sound in fraud. *See Rubenstein v. Neiman Marcus Group LLC*, 687 F. App'x 564, 567–68 (9th Cir. 2017) (unpublished op.). This conclusion is further bolstered by the principle that Rule 9(b) "may be relaxed as to matters within the opposing party's knowledge" such as Banana Republic's internal pricing policies. *Id.* (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989)).

2. *Standing for injunctive relief:* Both plaintiffs allege they desire to shop at Banana Republic Factory again because of its brand and clothing styles and that they will be unable to parse out whether future reference prices are inflated and untrue. This exact type of injury was held to confer standing to seek injunctive relief in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018). *See Clark v. Eddie Bauer LLC*, No. 21-35334, 2024 WL 177755, at *2 (9th Cir. Jan. 17, 2024) (unpublished op.).

3. *Equitable relief:* Banana Republic next argues that the complaint's requests for equitable relief in the form of an injunction and restitution under the UCL and FAL should be dismissed because the complaint fails to sufficiently allege that the plaintiffs lack an adequate remedy at law. Banana Republic relies on *Sonner v. Premier Nutrition Corp.*, in which the Ninth Circuit held that a federal court does not have equitable jurisdiction if the plaintiff has an adequate—and there, concededly identical—remedy at law. 971 F.3d 834, 844 (9th Cir. 2020). The Ninth Circuit has since applied *Sonner* at summary judgment but hasn't spoken on how it

should apply to motions to dismiss. *See Guzman v. Polaris Industries Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022).

*Sonner* "should not be understood as a categorical bar to pleading claims for equitable relief under the UCL and damages under the CLRA in a single complaint" and instead the relevant inquiry is "whether they have plausibly alleged the inadequately of legal remedies for each claim for equitable relief that they seek." *Cepelak v. HP Inc.*, No. 20-CV-02450, 2021 WL 5298022, at *2 (N.D. Cal. Nov. 15, 2021).

Here, the plaintiffs have sufficiently alleged that legal remedies are inadequate. On injunctive relief, plaintiffs allege that without an injunction, Banana Republic will continue its false discounting and plaintiffs will continue to be harmed by it because they'll keep purchasing Banana Republic Factory clothes. In *Cepelak*, the Court said there might be a difference between a plaintiff who says they *want to but won't* buy future products and a plaintiff who says they *will* buy future products because the former has no possible future damages claim while the latter does. However, the Court now finds that there is no meaningful difference between those two types of plaintiffs. Injunctive relief is different in kind than any future damages and it is reasonable to believe that the type of relief French and Cho would get from knowing that Banana Republic Factory's prices and discounts are real is different than the money damages they might get if they are deceived and sue again. As the Ninth Circuit recently put it, "injunctive relief does not seek 'the same amount of money for the exact same harm.'" *Clark*, 2024 WL 177755, at *3 (quoting *Sonner*, 971 F.3d at 844).

On restitution, the plaintiffs did not allege they lack an adequate remedy in their complaint but they explained in their opposition brief why CLRA damages may not be an adequate remedy compared to UCL and FAL restitution. They assert that CLRA damages may be calculated under a benefit-of-the-bargain methodology while UCL/FAL restitution may be calculated under a price premium or full refund theory, which could yield different results.

The Court has previously interpreted *Sonner* to require plaintiffs to allege that they lack an adequate remedy at law in the complaint itself. *See Schobinger v. Twitter, Inc.*, No. 23-CV-

3

03007, 2023 WL 8866580, at *2 (N.D. Cal. Dec. 22, 2023). On further consideration, a plaintiff does not need to make such an allegation in the complaint, so long as they articulate some plausible explanation in response to a motion to dismiss. In *Sonner*, the Ninth Circuit looked both at the complaint and the plaintiffs' explanation in her brief to determine whether the district court had equitable jurisdiction on the eve of trial. 971 F.3d at 844 & n.8. Indeed, *Sonner*'s requirement makes the most sense at summary judgment, after a record has been developed. At the pleading stage, so long as the plaintiff can articulate a basis for why there may (depending on how the litigation develops) not be an adequate remedy at law, it should not matter whether that explanation is included in the complaint or the opposition brief. This is especially true given how easy it is to articulate at the outset a basis for why an adequate remedy at law may not exist. Parties and courts are wasting far, far too much time arguing about *Sonner* at the pleading stage, going back and forth about whether an adequate remedy at law might exist at the end of the day.

      In this case, and at this stage, the plaintiff has plausibly asserted that damages and restitution would not be for the "same amount of money for the exact same harm." *Sonner*, 971 F.3d at 844; *see Valiente v. Simpson Imports, Ltd.*, 717 F. Supp. 3d 888, 907 (N.D. Cal. 2024); *Murphy v. Olly Pub. Benefit Corp.*, 651 F. Supp. 3d 1111, 1129 (N.D. Cal. 2023). This is true even if the Court may be skeptical that the plaintiffs would ultimately be able to recover a full refund. The right time to work that out is either at summary judgment or at the pretrial conference.

      If at summary judgment or later it becomes obvious that an adequate remedy at law exists and that the plaintiffs' recovery would be no different on a restitution theory, Banana Republic is welcome to move again to dismiss the equitable relief claims.

      **IT IS SO ORDERED.**

Dated: November 4, 2024

                                                            VINCE CHHABRIA
                                                            United States District Judge